IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
IN ADMIRALTY
No. 4:14-CV-119-F

| | |
|---|---|
| CAROL S. LOHR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| STEPHEN F. BISHOP and FERRY | ) |
| EXCURSIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the Motion to Dismiss [DE-16] filed by Defendant Stephen F. Bishop. Plaintiff Carol L. Lohr has responded, and the time for filing a reply has passed. For the reasons stated below, the motion is DENIED.

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiff Carol S. Lohr initiated this admiralty action by filing a complaint [DE-1] on July 7, 2014. The facts alleged in the complaint, taken in the light most favorable to Lohr, are as follows:

On July 2, 2013, Lohr was seriously injured while a passenger on a vessel being operated upon the waters of Carteret County near the northern tip of Bogue Banks near Fort Macon. Compl. [DE-1] ¶¶ 15, 18, 19. Lohr alleges that at the time of the collision Defendant Ferry Excursions, LLC, was a North Carolina limited liability company, and Defendant Stephen F. Bishop was its sole or principal owner. Compl. [DE-1] ¶¶ 3-5. Lohr further alleges that "[a]t all times material to the allegations herein, the Defendant, Ferry Excursions, LLC, and the Defendant, Stephen F. Bishop operated under the trade name of 'Island Ferry Adventures;" engaged in certain "Business Services;"

and held licenses issued by the United States Coast Guard and the North Carolina Utility Commission. *Id.* ¶¶ 6-8.

Lohr alleges that on July 2, 2013, she "entered into a contract with Defendants to charter a ferry upon the waters of Carteret County in order to host a film crew in cooperation with the State Division of Travel and Tourism." *Id.* ¶ 13. She boarded the vessel, which she alleges was provided by "Defendants" and operated by Defendants' employee, "Josh." *Id.* ¶¶ 9-14. Lohr alleges that "Josh" negligently operated the ferry, resulting in her injuries. *Id.* ¶¶ 16-19. She alleges that Defendants are liable under the basis of respondeat superior. *Id.* ¶ 23.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must determine the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 555 (2007)). Moreover, although the court draws all reasonable factual inferences in a plaintiff's favor, the court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 129 S.Ct. at 1949-50. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 301-02 (4th Cir. 2008) (quotations omitted). "In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in

2

its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 559 (4th Cir. 2011).

## III. ANALYSIS

Defendant Bishop moves to dismiss the claims against him, arguing that Lohr seeks to pierce the corporate veil, and hold Bishop personally liable for the alleged acts or omissions of Ferry Excursions, LLC, but has failed to allege facts necessary to satisfy the federal common law requirements for piercing the corporate veil. In response, Lohr does not dispute that she has not alleged sufficient facts to set aside the corporate form of Ferry Excursions, LLC. Instead, she contends that Bishop was individually negligent. Specifically, Lohr asserts "Defendant Bishop was the sole owner of the vessel involved in the incident giving rise to Plaintiff's injuries; he was appropriately licensed to operate the vessel himself that day but chose not to do so; and ultimately, he was responsible for seeing that his vessel was operated appropriately by an experienced operator to ensure the safety of those on board, which it was not." Mem. of Law in Support of Denial of Mot. to Dismiss [DE-16] at 3. Lohr also asserts "[i]t is not possible to discern at this stage whether Defendant Bishop was acting as the owner of the vessel or as an agent for Ferry Excursions, LLC, when the transactions and occurrences alleged in the Complaint occurred." Resp. to Mot. to Dismiss [DE-15] at 2. The allegations in the complaint also give the impression that Lohr is alleging that Bishop was operating what was in essence a joint venture with Defendant Ferry Excursions, LLC.

Although the complaint is not a model of clarity, the court finds that it contains sufficient allegations to support a claim against Defendant Bishop individually. Accordingly, the motion to dismiss [DE-16] is DENIED. The Clerk of Court is DIRECTED to continue the management of this case.

3

SO ORDERED. This the 17th day of December, 2014.

James C. Fox
Senior United States District Judge

4